6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 04 80370-18
Hon. John Corbett O'Meara

Nassib Saadallah Berro - D18

    Defendant.

_____/

**GUILTY PLEA QUESTIONNAIRE
AND CERTIFICATE OF COUNSEL**

FILED 2006 AUG -9 P 4: 28 U.S. DIST. COURT CLERK EAST DIST. MICH ANN ARBOR

The defendant represents to the Court:
1. My name is __Nassib Saadallah Berro__. I am __62__ years old. I have gone to school up to and including the __12th grade__.
2. My attorney is __Mark H. Magidson__.
3. My attorney and I have fully discussed my case. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows:

Count 43: Conspiracy to Commit Bank and Mail Fraud

**Guilty Plea Questionnaire and Certificate of Counsel**      **Page One of Eight**

_2 or more persons agreed to commit Bank & Mail Fraud, Nassib Beeno; joined the conspiracy knowingly and voluntarily._ I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case.

    4.    I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

    5.    I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows: _Defendant takes medications for heart disease and_ . I have not taken any drugs or medications within the past seven (7) days except as follows: _related problems, which do not affect thought process._

    6.    I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation or removal from the United States or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending upon applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

**Guilty Plea Questionnaire and Certificate of Counsel**        **Page Two of Eight**

    7.    I know that I may plead "NOT GUILTY" to any crime charged against me and that I may continue in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

    a.    The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of 12 jurors.

    b.    The right to have the assistance of an attorney at all stages of the proceedings.

    c.    The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

    d.    The right to see, hear, confront and cross-examine all witnesses called to testify against me;

    e.    The right to decide for myself whether to take the witness stand and testify and, if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

    f.    The right not to be compelled to incriminate myself.

    8.    I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction unless specifically reserved in the Rule 11 Plea Agreement.

**Guilty Plea Questionnaire and Certificate of Counsel**        **Page Three of Eight**

9. In this case I am pleading "GUILTY" under Rule 11(e)(1)(C). My attorney has explained the effect of my plea under Rule 11(e)(a)(C). The judge, at the time of sentencing, must either impose the specific sentence agreed upon by the prosecutor and me, or allow me to withdraw my plea.

10. I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is __5 YEARS__, imprisonment and a fine of $ __250,000.00__. I also know there is a mandatory minimum sentence of __-0-__ years of imprisonment.

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $ __100.00__ per count of conviction.

12. I know that, if I am ordered to pay a fine and I willfully refuse to pay that fine, I can be returned to court where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know that under the Federal Sentencing Guidelines, the sentencing judge will ordinarily select a sentence from within the guideline range. However, if a case presents unusual facts or other circumstances, the law permits the judge to depart from the guidelines and impose a sentence either above or below the guideline range. Although most sentences will be imposed within the guideline range, I know that there is no guarantee that my sentence will be within the guideline range. If my attorney or any

**Guilty Plea Questionnaire and Certificate of Counsel**     **Page Four of Eight**

other person has calculated a guideline range for me, I know that this is only a prediction and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14. I understand that under the Federal Sentencing Guidelines, if I am sentenced to prison, I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I may earn. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that, if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be ___2___ to ___3___ years. If I violate the conditions of supervised release, I may be sent back to prison.

16. I know that, in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

**Guilty Plea Questionnaire and Certificate of Counsel**          **Page Five of Eight**

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Guilty Plea Questionnaire and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of lenience if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not

presented to the Judge in my presence in open court at the time of the entry of my plea of guilty.

**Guilty Plea Questionnaire and Certificate of Counsel**  **Page Six of Eight**

22. My plea of "GUILTY" is not the result of force, threat or intimidation.
23. I hereby request that the Judge accept my plea of "GUILTY" to the following count(s): _Count 43 Conspiracy to Commit Bank and Mail Fraud_

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of 'GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and the following acts are true:
(1) _From 6/99 to 4/02 I agreed with others to defraud issuers of credit cards by "busting out" the credit card and charging it to the maximum without intending to repay. The U.S. mail was used in connection with this matter._

25. I offer my plea of "GUILTY" freely, voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information and with a full understanding of the statements set forth in this Guilty Plea Questionnaire and in the Certificate of my attorney that is attached to this Guilty Plea Questionnaire.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Guilty Plea Questionnaire on this __9th__ day of __August__, 20_06_.

_____
Defendant

**Guilty Plea Questionnaire**                                                        **Page Seven of Eight**

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant ___Massis S. Benno___,
hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case any lesser-included offense(s) and the possible defenses which may apply in this case.

2. I have personally examined the attached Guilty Plea Questionnaire, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Guilty Plea Questionnaire.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty, described in paragraphs (6) - (20) of the Guilty Plea Questionnaire, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, after full discussion with the defendant of the contents of the Guilty Plea Questionnaire and any Plea Agreement, on this ___9th___ day of ___Aug___, 20_06_.

_____
Attorney for Defendant

Mark H. Magidson

**Certificate of Counsel**                                         **Page Eight of Eight**