UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    Criminal No. 04-80370-18

    Plaintiff,                    HON. JOHN CORBETT O'MEARA

v.

D-15, NASSIB SAADALLAH BERRO,

    Defendant.
_____/

**GOVERNMENT'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION
FOR RESENTENCING AND FOR RELEASE DUE TO MEDICAL CONDITION**

The United States of America, by its undersigned attorneys, respectfully submits this brief in response to defendant's Motion for Resentencing and for Release Due to Medical Condition. Because the Court lacks authority to grant the relief requested, defendant's motion should be denied.

**I. BACKGROUND**

On August 9, 2006, defendant Nassib Saadallah Berro pleaded guilty, pursuant to a Rule 11 Plea Agreement, to Count 43 of the Second Superseding Indictment, Conspiracy To Commit Bank and Mail Fraud, in violation of 18 U.S.C. § 371. On December 12, 2006, the Court sentenced defendant to 41 months' imprisonment. The judgment was entered on December 18, 2006. Defendant filed a notice of appeal, and the appeal is pending. Despite the final judgment and his pending appeal, defendant now asks the Court to modify his sentence to a non-custodial sentence due to his medical condition.

## II.  LEGAL FRAMEWORK

A judgment of conviction constitutes a final judgment.  18 U.S.C. § 3582(b).  After the judgment is final, the sentence may be changed in one of only four ways.  *Id.*  First, a sentence may be modified according to the provisions of 18 U.S.C. § 3582(c), which requires a motion by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(b)(1).  Under Section 3582(c):

> "the court may not modify a term of imprisonment once it has been imposed except that . . .
>
> (1) in any case,
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that:
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . .

Here, the Director of the Bureau of Prisons has filed no such motion.

Second, a sentence may be modified pursuant to Fed. R. Crim. P. 35.  18 U.S.C. §§ 3582(b)(2), (c)(1)(B).  Rule 35(a) allows a sentence to be corrected for arithmetical, technical or other clear error within 7 days of sentencing.  Here, more than 7 days have passed since the sentencing on December 12, 2006.  Defendant's motion was filed on September 12, 2007.  In addition, Rule 35(b) permits a reduction in sentencing on motion by the government for substantial assistance.  Here, defendant does not assert that he has provided any assistance

to the government, and, in fact, he has not.

Third, a sentence may be appealed and modified pursuant to the provisions of 18 U.S.C § 3742, which governs appeals. 18 U.S.C. § 3582(b)(3). Here, defendant's appeal is pending, and is the appropriate avenue for his request. All of the cases cited in defendant's brief involve cases on appeal or at the initial sentencing by the district court; they do not involve a re-sentencing ordered by the district court on its own accord. Defendant cites no authority to support his request for re-sentencing by the district court after the final judgment has been entered. Defendant's arguments may be made to the Sixth Circuit in his appeal.

Fourth, a sentence may be modified if the Sentencing Commission retroactively amends the sentencing guidelines applicable to the defendant's sentence. 18 U.S.C. 3582(c)(2). Here, the government is aware of no such amendment, and defendant cites none, instead basing his request on the facts of his medical situation. Accordingly, there is no legal authority to grant the relief defendant requests in his motion.

## III.  CONCLUSION

For all of the foregoing reasons, the government respectfully requests that the Court deny defendant's Motion for Resentencing and for Release Due to Medical Condition.

STEPHEN J. MURPHY
United States Attorney

S/Cathleen M. Corken
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-0206
E-Mail corken.cathleen@usdoj.gov


S/Barbara L. McQuade
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9725
Bar Code: P45423
E-Mail: barbara.mcquade@usdoj.gov

Dated: December 11, 2007

CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2007, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to the following ECF participant:

>Sanford A. Schulman
>Saschulman@concast.net

>S/Barbara L. McQuade
>Assistant U.S. Attorney
>211 W. Fort Street, Suite 2001
>Detroit, MI  48226
>(313) 226-9725
>Bar Code: P45423
>E-Mail: barbara.mcquade@usdoj.gov

Dated: December 11, 2007